IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABEL MESA,<br><br>    Plaintiff,<br><br>v.<br><br>PAT KIEHL, and JVS HOSPITALITY GROUP, INC.,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:17-CV-00693-SCJ-CMS |

## **FINAL REPORT AND RECOMMENDATION**

This action is before the Court on the answer and motion to dismiss filed by defendant Pat Kiehl ("Kiehl") (Doc. 5). For the reasons discussed below, I **RECOMMEND** that Kiehl's motion to dismiss be **GRANTED** and that Defendant JVS Hospitality Group, Inc. be dismissed without prejudice for failure to serve.

## **I. PROCEDURAL BACKGROUND**

On February 24, 2017, Plaintiff Abel Mesa, proceeding *pro se*, filed a complaint in this court alleging that defendants Pat Kiehl and JVS Hospitality Group, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, et seq. ("GFBPA"). (Doc. 1, Compl.). A summons was issued to each of the defendants. (Docs. 2-3). Plaintiff

filed a return of service for defendant Kiehl (Doc. 4), but no proof of service has ever been filed for defendant JVS Hospitality Group, Inc., and that defendant has never entered an appearance or filed an answer to Plaintiff's complaint.

On April 4, 2017, defendant Kiehl, proceeding *pro se*, filed a short answer and a request that this case be dismissed for the reasons set forth therein. (Doc. 5). Because nothing has happened in this case since that time, the undersigned has construed Kiehl's filing as a Rule 12(b)(6) motion to dismiss, and recommends that Plaintiff's case be dismissed for the reasons discussed below. The discovery period closed on September 1, 2017, with no indication on the docket that any party conducted any discovery in this matter.

## II. LEGAL STANDARDS

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

In Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an

2

> unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 678, 129 S. Ct. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that

3

the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted). All reasonable inferences are to be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

## III. DISCUSSION

### A. Defendant JVS Hospitality Group, Inc. should be dismissed

The recently revised Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint upon a defendant to be made within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). Rule 4(l) requires that unless service is waived, proof of service must be made to the court. Fed. R. Civ. P. 4(l).

More than 90 days have elapsed since the filing of Plaintiff's complaint, and no proof of service for JVS Hospitality Group, Inc. has been filed with the court. Nor has

4

an attorney entered an appearance on that defendant's behalf. Plaintiff alleges in his complaint that according to public records, JVS Hospitality Group, Inc. is an inactive business organization (Doc. 1 at 4 ¶ 14), which may help explain why that defendant has never responded to Plaintiff's summons. Nevertheless, Plaintiff has failed to show good cause for his failure to perfect service on that defendant; nor has he sought additional time within which to perfect service.

Federal Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court–on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant. Fed. R. Civ. P. 4(m).

Accordingly, for the reasons stated, I **RECOMMEND** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** against JVS Hospitality Group, Inc. for failure to serve, failure to provide proof of service, and failure to prosecute, pursuant to Federal Rules of Civil Procedure 4(l) and 4(m), and Local Rule 41.3, NDGa.

## B.    Defendant Pat Kiehl

With regard to Defendant Pat Kiehl, Plaintiff's complaint asserts six counts for relief. The first five counts pertain to the FDCPA. Count Six alleges that Kiehl violated the GFBPA by engaging in "unfair, false, misleading, and/or deceptive acts or practices." (Compl. ¶ 41).

The facts asserted in Plaintiff's complaint are sparse. The complaint generally alleges that Plaintiff is a "natural person" and Defendant Kiehl is a "Florida debt collector" and "mortgage broker." (Compl. ¶¶ 2-3, 11). The complaint alleges that the subject "debt" was primarily for family, personal or household purposes, but the complaint does not describe what the debt specifically pertained to. In any event, the complaint alleges that the debt was originally owed to JVS Hospitality Group, Inc. and was later "purchased, assigned or transferred to PAT KIEHL for collection." (Id. ¶ 5).

The exhibits attached to Plaintiff's complaint indicate that on May 5, 2005, Kiehl obtained a deficiency judgment in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida against Mesa stemming from a foreclosure sale. (Doc. 1 at 13, Order and Judgment for Deficiency, Case No. 04-3617B).[1] The court's

---

[1] The Court has taken the parties' exhibits into consideration in reviewing the merits of Defendant Kiehl's motion to dismiss (without converting the motion to a motion for summary judgment) because in Plaintiff's complaint, Plaintiff refers to the transactions memorialized in the exhibits, the documents are central to Plaintiff's claims, and the authenticity of the documents has not been challenged. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). A district court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion. Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

AO 72A
(Rev.8/82)

order indicates that the subject real property had a market value of $24,000, but the amount due and owing by Abel and Rene Mesa to the plaintiff was $46,238.50, plus interest accruing from October 8, 2004. The order found that the plaintiff was entitled to a deficiency judgment for an amount equal to the difference between the market value of the property at the time of the foreclosure sale and the amount due and owing on the judgment. (Id.). The order therefore adjudged that the plaintiff Patrick L. Kiehl, Trustee, "shall recover from the Defendants Abel Mesa ... and Rene Mesa ... the sum of $22,328.50," plus accrued interest. (Doc. 1 at 14). The order was signed on May 5, 2005 by Circuit Court Judge Charlene E. Honeywell and recorded in the Hillsborough County property records on May 19, 2005. (Doc. 1 at 14-15).

Plaintiff alleges that under Florida law, judgment liens last for a period of ten years. See Fla. Stat. § 55.10(1) (2016). The statute provides that if a judgment lien begins to reach its statutorily defined time limit, the judgment creditor may file for an extension pursuant to Section 55.10(2) before the lien expires. See Franklin Financial, Inc. v. White, 932 So.2d 434, 436 (Fla. 4th DCA 2006) (citing Fla. Stat. § 55.10(1) (2003)). The lien may be extended for an additional period by re-recording a certified copy of the judgment prior to the expiration of the lien and by simultaneously recording an affidavit with the current address of the person who has a lien as a result of the

7

judgment. Id. at 437. By extending the judgment lien's life, the judgment creditor maintains the judgment lien's priority over any liens recorded after its original date of recording and also over any liens recorded after its date of extension. Id.

Under Florida law, however, if the judgment creditor allows the judgment lien to lapse without filing for an extension, the judgment lien ceases to exist. Id. The judgment creditor may choose to re-record the judgment at a later time, but a new judgment lien is created and it takes no priority over liens already recorded. Id. "Like a child that wanders out of a queue, the newly rerecorded judgment lien has lost its place and must go to the back and stand behind all previously recorded judgment liens." Id. Florida courts have held that a judgment creditor may re-record a judgment even after the original judgment lien has expired; the re-recording, however, imposes a new lien on real property held by the judgment debtor (rather than extending the original judgment lien's term). See id.; see also Sun Glow Constr., Inc. v. Cypress Recovery Corp., 47 So.3d 371, 374 (Fla. 5th DCA 2010).

Where a judgment does not contain the address of the judgment creditor and, thus, fails to comply with the terms of Section 55.10(1) of the Florida statute, a judgment creditor is permitted to cure that defect by re-recording the judgment and simultaneously filing an affidavit with the address as required by the statute. Sun Glow

8

Constr., 47 So.3d at 374.

Plaintiff alleges that Defendant Kiehl attempted to renew the subject judgment lien after the ten year cutoff, without attaching an affidavit with his current address. In so doing, Plaintiff claims that Kiehl violated both the FDCPA and Georgia state law. (Compl. ¶¶ 8-9, 15-18).

### 1. Plaintiff's Fair Debt Collection Practices Act Claims

As to Plaintiff's FDCPA claims, Plaintiff's complaint alleges, in conclusory fashion, that Defendant Kiehl is a Florida debt collector, but there are no allegations that Kiehl meets the definition of "debt collector" within the meaning of the FDCPA. In Count One of Plaintiff's complaint, Plaintiff alleges that Kiehl violated Section 1692d(5) of the FDCPA by engaging Plaintiff in telephone conversations with the intent to annoy and harass. (Compl. at 5). Count Two alleges that Kiehl violated Section 1692e(2) by misrepresenting the legal status of the debt, including that Plaintiff was legally obligated to pay a debt that he did not incur. (Id. at 6). Count Three alleges that Kiehl violated Section 1692e(5) by threatening to take legal action without actually intending to do so. (Id. at 7). In Count Four, Plaintiff alleges that Kiehl violated Section 1692e(8) by threatening to communicate false credit information despite being informed by Plaintiff that the debt was incurred as a result of identity theft. (Id. at 7).

9

Count Five alleges that Kiehl violated Section 1692e(10) by employing false and deceptive means to collect a debt.

The FDCPA bars "debt collectors" from engaging in certain abusive practices in connection with collection of a debt. Thomas v. U.S. Bank National Association, 675 F. App'x 892, 898 (11th Cir. 2017) (citing 15 U.S.C. § 1692). However, it is well-settled that by the terms of its substantive provisions, the FDCPA only applies to the actions of a "debt collector," as defined in the FDCPA. 15 U.S.C. §§ 1692e, 1692f; Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015) ("There is no dispute that § 1692e applies only to debt collectors.").

To state a valid claim under the FDCPA, a plaintiff must sufficiently plead that: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. Ware v. Bank of America Corp., 9 F. Supp. 3d 1329, 1336 (N.D. Ga. 2014) (citing Buckley v. Bayrock Mortg. Corp., No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (other citation omitted)).

In this case, the factual allegations in Plaintiff's complaint are insufficient to show that either defendant is a "debt collector" within the meaning of the FDCPA. The

AO 72A
(Rev.8/82)

term "debt collector" is defined in the FDCPA as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, aside from the bare legal conclusion that Kiehl is a Florida debt collector, Plaintiff's complaint contains no allegations suggesting that Kiehl falls within the statutory definition of that term. See Thomas v. U.S. Bank Nat'l Assoc., 675 F. App'x 892, 898 (11th Cir. 2017). The complaint includes no allegations indicating that Kiehl's principal business is the collection of debts or that he regularly collects or attempts to collect debts owed to another. See id. (citing 15 U.S.C. § 1692a(6)). Instead, the complaint alleges that the "debt" was purchased, assigned, or transferred to Kiehl. (Compl. ¶ 6). The "Order and Judgment for Deficiency" that Plaintiff attached as an exhibit to his complaint indicates that Kiehl is a judgment creditor. (Doc. 1 at 13). The Electronic Judgment Lien Certificate filing that Plaintiff attached as Exhibit 3 to his complaint also indicates that Kiehl is a judgment creditor or current owner of the judgment, if assigned. (Doc. 1 at 18). Creditors typically are not subject to the FDCPA. Davidson, 797 F.3d at 1313. Even if the Court were to assume that Kiehl acquired the

11

debt after Mesa defaulted on that debt, the Eleventh Circuit has concluded that such fact is not sufficient to indicate that the person who acquired the debt qualifies as a "debt collector" under the FDCPA. Id. at 1313-1316.

Moreover, Plaintiff has failed to show that he was the object of collection activity arising from a consumer debt. Plaintiff alleges that Kiehl violated the FDCPA by attempting to renew an expired judgment pursuant to a Florida statute, Fla. Stat. § 55.10 (2016). Plaintiff has failed to cite any authority establishing that attempting to renew an expired judgment lien under Florida law constitutes debt collection activity in violation of the FDCPA.

For the reasons stated, Plaintiff's FDCPA claims fail to state a plausible claim and are therefore due to be dismissed.

### 2. **Plaintiff's Georgia Fair Business Practices Act Claim**

In Count Six of his complaint, Plaintiff alleges that Kiehl's actions also violated the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, et seq. ("GFBPA"), which prohibits unfair or deceptive acts or practices in the conduct of consumer transactions. Plaintiff's conclusory allegations, however, do not support a claim under the GFBPA.

The GFBPA makes it unlawful to use "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a). However, O.C.G.A. § 10-1-396(1) expressly provides that the GFBPA shall not apply to "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States." Id. The Georgia Court of Appeals, construing the GFBPA, observed that the Georgia General Assembly intended the GFBPA to have a "restricted application only to the unregulated consumer marketplace and that [the GFBPA] not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise." Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 45, 502 S.E.2d 799, 805 (1998).

Citing Chancellor, numerous courts in this district have dismissed actions under the GFBPA that involved residential mortgage loans because mortgage lending is a regulated area of activity. See, e.g., Jackson v. Premium Capital Funding, LLC, No. 1:09-cv-01392-CAM-GGB, Doc. 42 at 3-5 (N.D. Ga. Mar. 17, 2010); Reese v. Wachovia Bank, N.A., No. 1:08-cv-3461-GET, Doc. 24 at 3-4 (N.D. Ga. Feb. 23, 2009); Zinn v. GMAC Mortgage, No. 1:05-cv-01747-MHS, 2006 WL 418437, at *4

13

(N.D. Ga. Feb. 21, 2006) (holding that the GFBPA "does not apply to residential mortgage transactions"); Freeman v. Ameriquest, No. 1:04-cv-00791-TWT, Doc. 15-1 at 23-32, Doc. 25 at 1 (N.D. Ga. Mar. 3, 2005); In re Taylor, 292 B.R. 434, 438 (Bankr. N.D. Ga. 2002). See also Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000) (dismissing FBPA and Elderly Act claims against owner of nursing home based on deficient level of care to residents because degree of care was heavily regulated under Medicaid and Medicare).

Because the alleged debt and wrongful conduct appears to pertain to mortgage lending, the foreclosure sale of property, and the filing of judgment liens, and such conduct is regulated, the GFBPA does not apply here, and Plaintiff's Count Six claim is due to be dismissed.

Even if the court were to find that the GFBPA does apply under the circumstances alleged by Plaintiff (which it does not), Plaintiff's claim would still fail because his complaint does not plead all the conditions precedent to the maintenance of a GFBPA claim. See O.C.G.A. § 10-1-399(b); Steed v. Fed. Nat'l Mortg. Corp., 301 Ga. App. 801, 809-10, 689 S.E.2d 843, 851 (2009) (stating that the notice requirements imposed by the FBPA statute "are a prerequisite to the filing of a FBPA suit"); Lynas v. Williams, 216 Ga. App. 434, 436, 454 S.E.2d 570, 572 (1995) (stating that "it is a

statutory prerequisite to the filing of a FBPA suit that adequate written notice be timely sent."). Plaintiff has not alleged or shown that he sent either defendant a written demand for relief at least 30 days prior to the filing of this litigation, identifying himself and "reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered," as required under the statute. O.C.G.A. § 10-1-399(b).

Accordingly, for all the reasons stated, I RECOMMEND that Defendant Kiehl's motion to dismiss Plaintiff's Count Six GFBPA claim be GRANTED.

### 3. Futility of Amendment

In the Eleventh Circuit, the district courts have generally provided an opportunity for plaintiffs to correct pleading deficiencies via amendment, even where no request for leave to amend has been made, so long as a more carefully drafted complaint might state a claim. Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by* Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc)). Dismissal with prejudice is proper, however, "if a more carefully drafted complaint could not state a valid claim." Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a district court need not allow an amendment where amendment would be futile).

15

In this case, I conclude that granting Plaintiff an opportunity to amend his complaint would be futile since the federal statutes he has cited are inapplicable. It would likewise be futile to allow Plaintiff an opportunity to amend his state law claim, as it is clear that a more carefully drafted pleading still would not state a claim for relief. Watkins v. Beneficial, HSBC Mortgage, No. 1:10-cv-1999-TWT-RGV, 2010 WL 4318898, at *5 (N.D. Ga. Sept. 2, 2010) (citing Taylor v. Johnson & Freedman, LLC, No. 1:09-CV-0485-CAM-JFK, [Doc. 7 at 17] (N.D. Ga. Aug. 4, 2009), adopted at [Doc. 9] (N.D. Ga. Sept. 3, 2009) (concluding that allowing plaintiff to amend "produce the note" claim would be futile since there is no requirement that a lender produce the original promissory note prior to commencing foreclosure proceedings); Kariguddaiah v. Wells Fargo Bank, N.A., No. C-09-5716-MHP, 2010 WL 2650492, at *3 (N.D. Cal. July 1, 2010) (finding leave to amend wrongful foreclosure claim, among other things, would be futile where "plaintiff has not identified any facts he could plead in a further amended complaint to overcome the noted fatal defects")).

## IV. **CONCLUSION**

For the reasons stated above, I **RECOMMEND** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** against JVS Hospitality Group, Inc. for failure to serve, failure to provide proof of service, and failure to prosecute, pursuant

to Federal Rules of Civil Procedure 4(l) and 4(m), and Local Rule 41.3, NDGa. I **FURTHER RECOMMEND** that Defendant Kiehl's motion to dismiss Plaintiff's complaint (Doc. 5) be **GRANTED** for failure to state a plausible claim upon which relief can be granted. As there is nothing further before me, the Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED**, this 14th day of September, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)